UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HEATHER HAMMAN and            :
THOMAS HAMMAN,                :
individually and as wife and husband :
16691 Timmons Road            :
Spring Run, PA  17262         :
                    Plaintiffs :
                              :
        vs.                   :        CIVIL ACTION NO.
                              :        ASSIGNED TO JUDGE _____
                              :
JOSHUA MARTIN                 :
N14208 County M               :
Thorp, WI   54771             :
                              :
OAK TREE TRANSPORT, LLC       :
N1532 County Road Drive       :
Owen, WI   54460              :
                              :
MULE HIDE PRODUCTS CO., INC.  :
1195 Prince Hall Drive        :
Beliot, WI  53511             :
        -or-                  :
c/o Corporation Service Company :
211 E. 7th Street, Suite 620  :
Austin, TX  78701             :
                    Defendants :        JURY TRIAL DEMANDED

## COMPLAINT

AND NOW, come the Plaintiffs, Heather Hamman and Thomas Hamman, by and through their attorneys, Metzger, Wickersham, Knauss & Erb, P.C. and respectfully represent the following:

## FACTS APPLICABLE TO ALL COUNTS

1.     Plaintiffs, Heather Hamman and Thomas Hamman, are adult individuals who reside at 16691 Timmons Road, Spring Run, Franklin County, Pennsylvania, 17262.

2.     Defendant, Joshua Martin, (hereinafter sometimes referred to as "Martin") is an adult individual with a last known address of N14208 County M, Thorpe, WI 54771.

3.     Defendant, Oak Tree Transport, LLC (hereinafter sometimes referred to as "Oak Tree") is a Wisconsin limited liability company organized and existing under the laws of the state of Wisconsin, with a principal place of business located at N1532 County Road Drive, Owen, Wisconsin, 54460.

4.     Defendant, Mule Hide Products Co., Inc. (hereinafter sometimes referred to as "Mule Hide") is a corporation organized and existing under the laws of the state of Texas, with a principal place of business located at 1195 Prince Hall

2

Drive, Beliot, Wisconsin, 53511 and a corporate mailing address located at 17000 Red Hill Avenue, Irvine, California, 92614-5626.

5.      This Court has jurisdiction of this action under 28 U.S.C. §1332, Diversity of Citizenship.

6.      The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states.

7.      At all times relevant herein and material hereto, Joshua Martin, was the duly authorized agent, servant, workman, and/or employee, of Defendants, Oak Tree Transport, LLC and/or Mule Hide Products Co., Inc., acting within the course and scope of their authority and/or for a purpose and/or for the benefit of Defendants, Oak Tree Transport, LLC and/or Mule Hide Products Co., Inc..

8.      The facts and circumstances hereinafter set forth occurred on April 5, 2016, at approximately 7:50 a.m. on SR 997 (Cumberland Highway), Lurgan Township, Franklin County, Pennsylvania.

9.      At the aforesaid time and place, Plaintiff, Heather Hamman, was the operator of a 2000 Jeep Cherokee bearing Pennsylvania License Plate No. DRG5203.

10.     At the aforesaid time and place, Joshua Martin, was the operator of a 2005 Peterbilt tractor (hereinafter "2005 Peterbilt") bearing Wisconsin License

3

Plate No. 31633X and was hauling a trailer bearing Wisconsin License Plate No. 705056, both which were owned by Defendant, Oak Tree.

11.    At the aforesaid time and place, the 2005 Peterbilt was hauling a trailer allegedly filled with huge rolls of paper that were loaded by employees, agents, servants and/or workmen of Defendants, Oak Tree Transport, LLC and/or Mule Hide Products Co., Inc.

12.    At the aforesaid time and place, Plaintiff, Heather Hamman, was traveling northbound on SR 997 (Cumberland Highway), Lurgan Township, Franklin County, Pennsylvania.

13.    At the aforesaid time and place, Defendant Martin was traveling southbound on SR 997 (Cumberland Highway), Lurgan Township, Franklin County, Pennsylvania.

14.    At the aforesaid time and place, Defendant Martin was operating the 2005 Peterbilt truck with the permission of Defendants, Oak Tree Transport, LLC and/or Mule Hide Products Co., Inc. and within the scope of his authority and employment with said Defendants, which controlled and had the right to control his operation of the tractor trailer under applicable governmental laws and regulations.

15.    At the aforesaid time and place, while Defendant Martin was negotiating a right curve, the load shifted from the trailer causing it to overturn onto its left side.  After the 2005 Peterbilt overturned, it began sliding south on the roadway using both the north and south lanes of travel.    Plaintiff, Heather Hamman, attempted to swerve to the right but was unable to avoid striking the trailer.

16.    As a result of the collision, Plaintiff, Heather Hamman, sustained serious injuries and damages.

## COUNT I
## HEATHER HAMMAN V. JOSHUA MARTIN

17.    Paragraphs 1 through 16 hereof are incorporated herein by reference as if fully set forth.

18.    Defendant, Joshua Martin, owed a duty to Plaintiff, Heather Hamman, and other lawful users of the roadways in the Commonwealth of Pennsylvania to operate the vehicle he was driving in such a way as not to cause harm or damage to said other persons and to the Plaintiff in particular.

19.    The aforesaid collision was the direct and proximate result of the actions and/or omissions of the Joshua Martin, either individually and/or jointly

and severally, in operating the 2005 Peterbilt in a careless and negligent manner as follows:

    (a)    Failing to observe Plaintiff's vehicle and other vehicles on the roadway;

    (b)    Failing to drive within a single lane in violation of 75 Pa. C.S.A. §3309 and applicable law;

    (c)    Moving the vehicle he was operating from his lane of travel when not safe to do so in violation of 75 Pa. C.S.A. §3309 and applicable law;

    (d)    In failing to keep proper lookout for other vehicles lawfully operating on roadways;

    (e)    In failing to operate said vehicle at a speed that would allow him to stop his vehicle before driving into the vehicle Plaintiff was operating;

    (f)    In failing to have his vehicle under proper and adequate control under the then existing circumstances;

    (g)    In failing to maintain a proper lookout for other vehicles and changing road;

    (h)    In failing to apply his brakes in sufficient time to prevent the collision;

    (i)    In failing to use due care and caution or reasonable judgment under the existing road conditions;

    (j)    Failing to obey traffic control devices in violation of 75 Pa. C.S.A. §3111 and applicable law;

(k)    Failing to slow or stop the vehicle he was operating so as to avoid a collision;

(l)    In operating the vehicle at an excessive rate of speed under the circumstances in violation of 75 Pa. C.S.A. §3361 and applicable law;

(m)    Operating his vehicle in careless disregard for the safety of persons and/or property in violation of 75 Pa. C.S.A. §3714 and applicable law;

(n)    In failing to give warning to Plaintiff, Heather Hamman, of the impending collision;

(o)    In failing to keep alert and maintain a proper lookout for the presence of other motor vehicles on the streets and highways;

(p)    In failing to familiarize himself with the roadways and his surroundings;

(q)    In not paying attention to his surroundings;

(r)    Losing control of the vehicle he was operating;

(s)    In failing to keep his vehicle under proper and adequate control so as not to expose other users to an unreasonable risk of harm;

(t)    In failing to take evasive action to avoid a collision with the vehicle Plaintiff was occupying;

(u)    Driving while distracted;

(v)    Driving at a speed greater than is reasonable and prudent under the conditions in violation of 75 Pa.C.S. §3361 and applicable law;

(w)   Driving at an unsafe speed with regard to the actual and potential hazards then existing in violation of 75 Pa.C.S. §3361 and applicable law;

(x)   Driving at an unsafe speed when special hazards exist with respect to traffic and highway conditions in violation of 75 Pa.C.S. §3361 and applicable law;

(y)   Operating his vehicle too fast for the conditions existing at the aforesaid time and place in violation of 75 Pa.C.S.A. §3361 and applicable law;

(z)   Exceeding the applicable maximum speed limit in violation of 75 Pa.C.S.A. §3362 and applicable law;

(aa)  Failing to heed and take precaution because of curvy and windy road conditions;

(bb)  In operating the vehicle so as to create a dangerous situation for other vehicles on the roadway;

(cc)  Failing to stay alert to traffic patterns;

(dd)  Failing to slow or stop his vehicle due to traffic conditions;

(ee)  Failing to be attentive to safely operate his vehicle;

(ff)  Failing to properly scan the roadway ahead;

(gg)  Operating a motor vehicle inattentively;

(hh)  Failing to properly use his brakes;

(ii)  Failing to have an adequate braking system in violation of 75 Pa. C.S. §4502 and applicable law;

(jj)    Possibly operating his vehicle while using an interactive wireless communications device in violation of 75 Pa. C.S.A. §102 and 3316 and applicable law, to be determined;

(kk)    Possibly texting while driving in violation of 75 Pa. C.S.A. §1621 and 49 C.F.R. 392.80 and applicable law, to be determined;

(ll)    Operating his vehicle while using a handheld mobile telephone in violation of 75 Pa. C.S. §1622 and 49 C.F.R. 392.82 and applicable law;

(mm)   Failing to comply with commercial driver requirements in violation of §1601, et seq. and applicable law;

(nn)    Failing to have an adequate brake system in violation of 75 Pa. C.S.A. §4502 and applicable law;

(oo)    Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law;

(pp)    In failing to operate his vehicle with a higher standard of care as required by a commercial driver;

(qq)    Operating his vehicle at an unsafe speed in violation of Part 392.6 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulations;

(rr)    Failing to comply with the operating rules of Pennsylvania or of the U.S. Department of Transportation Federal Motor Carrier Safety Regulations in violation of 49 CFR §392.2;

(ss)    Operating his vehicle unsafely under hazardous conditions in violation of 49 CFR §392.14;

(tt)    Driving the 2005 Peterbilt with trailer when not qualified to do so in violation of 49 CFR §391.11;

(uu)  Failing to have the knowledge and skills necessary to operate the 2005 Peterbilt with trailer safely in violation of 49 CFR §383.110; 49 CFR §383.111(a), (b), (c); and 49 CFR §383.113;

(vv)  Failing to have an adequate brake system on the Peterbilt in violation of 49 C.F.R. §393.40, §393.47, §393.48 and §393.52-55.

(ww) Failing to properly maintain and inspect the Peterbilt with trailer to ensure it was in a safe operating condition in violation of 49 CFR §392.7, §396.3 and 396.13;

(xx)  Failing to properly inspect the Peterbilt with trailer to make sure that all parts, including the brakes were in good working order pursuant to 49 C.F.R. §392.7 and applicable law;

(yy)  Failing to take the necessary rest stops and abide by the hours of service requirements in violation of 49 C.F.R. §395.1, et seq.;

(zz)  Failing to properly inspect the Peterbilt with trailer to make sure that all of the cargo was safely secured and properly loaded;

(aaa) Failing to load the trailer on the 2005 Peterbilt such that said trailer remained safe and/or secure with respect to its reasonably intended and foreseeable operation on the roadways;

(bbb) Negligently and carelessly loaded and/or packed the subject trailer in a vulnerable, unsecured, overloaded, unbalanced, and/or dangerous state which constituted a dangerous condition;

(ccc) Failing to prevent the subject trailer from being overloaded, unbalanced, improperly loaded, and/or otherwise negligently loaded;

(ddd) In allowing or permitting the subject trailer to be overloaded, unbalanced, improperly loaded, and/or otherwise negligently loaded;

(eee) Failing to have the loading process under proper and adequate control;

(fff) Negligently loading the subject trailer;

(ggg) In causing and/or permitting the vulnerability, overloading, improper loading, negligent loading, unbalanced, and/or the unsecured state of the loading to exist and remain uncorrected;

(hhh) In causing the roll-over of the subject trailer by failing to ensure proper loading, safeguarding, and/or supervision at the loading point;

(iii) In permitting the vulnerability, overloading, improper loading, negligent loading, unbalanced loading, and/or the unsecured state of the loading to exist and remain when Defendant knew or should have known of the existence and the danger involved;

(jjj) Failing to exercise reasonable care over the manner in which the loading was performed and/or operated.

20.    As a direct and proximate result of the collision and the negligent, careless conduct of Joshua Martin, either individually and/or jointly and severally, Plaintiff, Heather Hamman, sustained and in the future may sustain, serious and debilitating injuries, some of which are or may be permanent, and may be an aggravation and/or exacerbation of pre-existing conditions, and which include, but are not limited to, the following:

(a)     Right SAH
(b)     Right SDH
(c)     Right IPH
(d)     Bilateral temporal bone fractures
(e)     Clivus fracture with pneumocephalus
(f)     Left petrous apex fracture with extension into carotid canal
(g)     Left L3 transverse process fracture
(h)     Right 1-6 rib fracture
(i)     Right pneumothorax
(j)     Bilateral pulmonary contusions
(k)     Manubrium fracture
(l)     Mediastinal hematoma
(m)     Right breast hematoma
(n)     Grade IV splenic laceration
(o)     Grade II liver laceration
(p)     Mesentric rent
(q)     Extraperitoneal hematoma
(r)     Left femur fracture
(s)     Bilateral acetabular fracture
(t)     Avulsion fracture left ischium
(u)     Right sacroiliac joint widening
(v)     Left pubic symphysis avulsion
(w)     Right superior/inferior pubic ram fractures
(x)     Right talus fracture
(y)     Right bimalleolar ankle fracture
(z)     Right 5th metatarsal fracture
(aa)    Right navicular fracture
(bb)    Left elbow traumatic arthrotomy
(cc)    Right tibial plateau fracture
(dd)    Hypovolemic shock
(ee)    Ventilator dependent respitory failure
(ff)    Dysphagia
(gg)    Bilateral pleural effusions
(hh)    Atelectasis
(ii)    Multiple early subacute infarcts involving bilateral hemispheres
        including frontoparietal and occipital lobes, involving the left
        sensorimotor cortx, basal ganglia, causate. Parebchymal

hemorrhage in the right temporoparietal lobe.
(jj)    Right axillary and brachial vein DVTs
(kk)    Acute blood loss anemia
(ll)    Leukocytosis
(mm)  Thrombocytosis
(nn)    Acute kidney injury
(oo)    Hyperglycemia
(pp)    Hyperkalemia
(qq)    Hypokalemia
(rr)    Hypernatremia
(ss)    Hypocalcemia
(tt)    Malnutrition
(uu)    Coagulopathy
(vv)    Lactic acidosis
(ww)  Hypermagnesemia
(xx)    Hypophosphatemia
(yy)    Hyperbilirubinemia
(zz)    Cranial nerve VI palsy.

21.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Joshua Martin, either individually and/or jointly and severally, Plaintiff, Heather Hamman, has undergone and in the future will undergo physical pain, mental anguish, discomfort, inconvenience, distress, embarrassment and humiliation, past, present and future loss of her ability to enjoy the pleasures of life and limitations in her pursuit of daily activities for which damages are claimed.

22.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Joshua Martin, either individually and/or jointly and severally, Plaintiff, Heather Hamman, has incurred and/or may in the future incur expenses

for medical treatment, surgery/or and rehabilitation for which damages are claimed.

23.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Joshua Martin, either individually and/or jointly and severally, Plaintiff, Heather Hamman, has incurred and/or may in the future incur a loss of income, a loss of future earning capacity, loss of future productivity, loss of household services, and other economic damages for which damages are claimed.

24.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Joshua Martin, either individually and/or jointly and severally, Plaintiff, Heather Hamman, sustained incidental costs and losses to include, but not limited to, mileage expense, past and future medication costs and/or medical appliance costs for which damages are claimed.

25.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Joshua Martin, either individually and/or jointly and severally, Plaintiff, Heather Hamman, has incurred and/or may in the future incur a loss of household services and other economic damages for which damages are claimed.

26.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Joshua Martin, either individually and/or jointly and severally,

Plaintiff, Heather Hamman, has sustained, or in the future may sustain, scarring and/or disfigurement for which damages are claimed.

WHEREFORE, Plaintiff, Heather Hamman, demands judgment in her favor and against Joshua Martin, either individually and/or jointly and severally, for the aforesaid damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT II

## HEATHER HAMMAN V. OAK TREE TRANSPORT, LLC

27.   Paragraphs 1 through 26 hereof are incorporated herein by reference as if fully set forth.

28.   At all times relevant hereto, Defendant Martin, was an employee, servant, workman, agent, contractor and/or apparent agent of Defendant, Oak Tree Transport, LLC, and was acting within the scope of his employment with Defendant, Oak Tree Transport, LLC and Defendant, Oak Tree Transport, LLC, either individually and/or jointly and severally, is therefore vicariously liable for his acts, commissions or omissions as though it performed the acts, commissions or omissions itself and is subject to the doctrine of respondeat superior.

29.     In addition to being vicariously liable for the acts, commissions or omissions of its employee, servant, workman, agent, contractor and/or apparent agent, Defendant, Oak Tree Transport, LLC, either individually and/or jointly and severally, was also negligent and careless as follows:

(a)     Failing to properly train its employees, servants, workmen, agents, contractors and/or apparent agents in the operation of its vehicles;

(b)     Failing to provide its employees, servants, workmen, agents, contractors and/or apparent agents with proper directions before allowing them to operate its vehicles;

(c)     Failing to ensure that its employees, servants, workmen, agents, contractors and/or apparent agents are familiar with the roadways and route of travel before allowing them to operate its vehicles;

(d)     Failing to properly supervise or control its employees, servants, workmen, agents, contractors and/or apparent agents while they are operating its vehicles;

(e)     Hiring and/or retaining employees, servants, workmen, agents, contractors and/or apparent agents who may be unfit or incompetent to operate its vehicles;

(f)     Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its vehicles by its employees, servants, workmen, agents, contractors and/or apparent agents;

(g)     Sending out its employees, servants, workmen, agents, contractors and/or apparent agents for an errand or job without proper instructions, directions and guidance;

(h)     Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen, agents, contractors and/or apparent agents;

(i)     Allowing an employee, servant, workman, agent, contractor and/or apparent agent to drive its vehicle who is incompetent to do so due to lack of training, licensing and/or prior unsafe driving;

(j)     Failing to use a high degree of care as a commercial carrier in the operation of its vehicle;

(k)     Failing to enforce its employee manuals and/or training procedures;

(l)     Failing to have an adequate or properly maintained brake system on the Peterbilt in violation of 49 C.F.R. §393.40; 49 C.F.R. §393.47; 49 C.F.R. §393.48, 49 C.F.R. §393.52-55; 75 Pa. C.S.A. §4502; and 75 Pa. C.S.A. §4107;

(m)     Having commercial vehicle operators who do not have the required knowledge or skill to safely operate its vehicles in violation of 49 C.F.R. §383.111-383.13;

(n)     Allowing a driver to operate its vehicle who is not physically qualified to do so in violation of 49 C.F.R. §391.41 and applicable law;

(o)     Failing to enforce both the written and unwritten policies of Oak Tree Transport, LLC;

(p)   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while possibly texting in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation, in particular 49 CFR §392.80;

(q)   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while possibly using a hand-held mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation, in particular 49 CFR §392.82;

(r)   Allowing its employee, servant, workman and/or agent to recklessly drive its vehicle;

(s)   Allowing its employee, servant, workman and/or agent to operate its vehicle in careless disregard for the safety of persons and/or property in violation of 75 Pa. C.S. §3714 and applicable law;

(t)   Allowing its employee, servant, workman and/or agent to operate its vehicle in a reckless, willful or wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736 and applicable law;

(u)   Allowing an employee, servant, workman and/or agent to possibly text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

(v)   Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while possibly using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and applicable law;

(w)   Allowing its employee, servant, workman and/or agent to operate its vehicle while distracted;

(x)   Failing to instruct its employee, servant, workman and/or agent to not operate the vehicle while distracted;

(y)   Failing to ensure that its employees, servants, workmen, agents, contractors and/or apparent agents were aware of and complied with the written and unwritten policies of Oak Tree Transport, LLC;

(z)   Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

(aa)  Failing to ensure that its employees, servants, workmen, agents, contractors and/or apparent agents complied with the provisions of both the Pennsylvania Motor Vehicle Code and the Federal Motor Carrier Safety Regulations;

(bb)  Failing to ensure that its employees, servants, workmen, agents, contractors and/or apparent agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

(cc)  Negligently entrusting a motor vehicle to an individual who had not been properly trained in the operation of its motor vehicle;

(dd)  Recklessly entrusting a motor vehicle to an individual who was unfit to operate the vehicle;

(ee)  Failing to properly inspect and maintain its vehicles in violation of 49 C.F.R. §392.7, §396.3 and §396.17;

(ff)  Allowing its drivers to violate hours of service requirements in violation of 49 C.F.R. §395.1, et seq.;

(gg)  Possibly allowing its driver to operate an out of service vehicle;

(hh) Failing to exercise the degree of skill, reasonable care, diligence, and control in the operation, supervision, control, and/or management of the trailer loading process that one in the position of the Plaintiff would reasonably expect and rely upon;

(ii) Failing to load the trailer on the 2005 Peterbilt such that said trailer remained safe and/or secure with respect to its reasonably intended and foreseeable operation on the roadways;

(jj) Negligently and carelessly loaded and/or packed the subject trailer in a vulnerable, unsecured, overloaded, unbalanced, and/or dangerous state which constituted a dangerous condition;

(kk) Failing to select, hire, employ, instruct, contract, supervise, oversee, train, and retain competent persons as staff, workers, employees, personnel, assistants, agents and servants in the loading of trailers;

(ll) Failing to prevent the subject trailer from being overloaded, unbalanced, improperly loaded, and/or otherwise negligently loaded;

(mm) In allowing or permitting the subject trailer to be overloaded, unbalanced, improperly loaded, and/or otherwise negligently loaded;

(nn) Failing to have the loading process under proper and adequate control;

(oo) Negligently loading the subject trailer;

(pp) In causing and/or permitting the vulnerability, overloading, improper loading, negligent loading, unbalanced, and/or the unsecured state of the loading to exist and remain uncorrected;

(qq)   In causing the roll-over of the subject trailer by failing to ensure proper loading, safeguarding, and/or supervision at the loading point;

(rr)   In permitting the vulnerability, overloading, improper loading, negligent loading, unbalanced loading, and/or the unsecured state of the loading to exist and remain when Defendant knew or should have known of the existence and the danger involved;

(ss)   Failing to exercise reasonable care over the manner in which the loading was performed and/or operated;

(tt)   Failing to develop and follow proper policies and procedures with respect to loading trailers and otherwise safeguarding trailers before, during and after the loading process;

(uu)   Failing to properly and adequately monitor and/or supervise the loading of the subject trailer;

(vv)   Failing to operate the point of loading in such a way that it would not present a danger of overloading, improper loading, unbalanced loading, and/or negligent loading;

(ww)  Failing to know and/or utilize accepted and proper principles of trailer loading in conjunction with the loading of trailers;

(xx)   Failing to observe and monitor the loading of the subject trailer with sufficient frequency or in a sufficient manner when Defendants knew or should have known of the risk of overloading, improper loading, and/or negligent loading;

(yy)   Failing to properly and adequately train and instruct staff, assistants, agents, servants, employees and other staff members to conduct, accomplish, monitor and/or supervise the loading process;

(zz)   In failing to employ, hire, train, instruct, contract, and retain only competent personnel, employees, agents, servants and workmen so as to ensure that trailers were properly loaded;

(aaa)  In negligently hiring and/or training employees, agents, servants and workmen who were unable or unwilling to properly load trailers in a reasonable manner;

(bbb)  In failing to supervise, coordinate, and direct the various employees, agents, servants and/or workmen conducting the loading process of the subject trailer;

(ccc)  In failing to retain and schedule for each shift a proper and adequate number of employees, agents, servants and workmen to monitor and supervise the loading process of trailers;

(ddd)  In failing to ensure that trailers and their operators were afforded an acceptable level of care and supervision by the staff so as to ensure the safety of their trailers before, during, and/or after the loading process;

(eee)  Performing the loading process in such a careless and/or negligent manner so as to cause or allow the subject trailer to roll over when foreseeably driven/operated upon the roadway;

(fff)   Failing to exercise the high degree of care required of an entity loading a trailer for hauling upon a roadway;

(ggg)  Attempting to excessively load the subject trailer when such act(s) could not be safely accomplished;

(hhh)  In allowing or permitting individuals who did not possess the requisite training and/or knowledge to load the subject trailer.

30.   As a direct and proximate result of the collision and the negligent and careless conduct of Defendant, Oak Tree Transport, LLC, either individually

and/or jointly and severally, Plaintiff, Heather Hamman, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Heather Hamman, demands judgment in her favor and against the Defendant, Oak Tree Transport, LLC, either individually and/or jointly and severally, for the aforesaid damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay against Defendant as allowed by law.

## COUNT III
## HEATHER HAMMAN V. MULE HIDE PRODUCTS CO., INC.

31.   Paragraphs 1 through 30 hereof are incorporated herein by reference as if fully set forth.

32.   At all times relevant hereto, Defendant Martin, was an employee, servant, workman, agent, contractor and/or apparent agent of Defendant, Mule Hide Products Co., Inc., and was acting within the scope of his employment with Defendant, Mule Hide Products Co., Inc. and Defendant, Mule Hide Products Co., Inc., either individually and/or jointly and severally, is therefore vicariously liable for his acts, commissions or omissions as though it performed the acts,

commissions or omissions itself and is subject to the doctrine of respondeat superior.

33.    In addition to being vicariously liable for the acts, commissions or omissions of its employee, servant, workman, agent, contractor and/or apparent agent, Defendant, Rivera Logistics, Inc., either individually and/or jointly and severally, was also negligent and careless as follows:

(a) Failing to properly train its employees, servants, workmen, agents, contractors and/or apparent agents in the operation of its vehicles;

(b) Failing to provide its employees, servants, workmen, agents, contractors and/or apparent agents with proper directions before allowing them to operate its vehicles;

(c) Failing to ensure that its employees, servants, workmen, agents, contractors and/or apparent agents are familiar with the roadways and route of travel before allowing them to operate its vehicles;

(d) Failing to properly supervise or control its employees, servants, workmen, agents, contractors and/or apparent agents while they are operating its vehicles;

(e) Hiring and/or retaining employees, servants, workmen, agents, contractors and/or apparent agents who may be unfit or incompetent to operate its vehicles;

(f) Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its vehicles by its employees, servants, workmen, agents, contractors and/or apparent agents;

(g) Sending out its employees, servants, workmen, agents, contractors and/or apparent agents for an errand or job without proper instructions, directions and guidance;

(h) Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen, agents, contractors and/or apparent agents;

(i) Allowing an employee, servant, workman, agent, contractor and/or apparent agent to drive its vehicle who is incompetent to do so due to lack of training, licensing and/or prior unsafe driving;

(j) Failing to use a high degree of care as a commercial carrier in the operation of its vehicle;

(k) Failing to enforce its employee manuals and/or training procedures;

(l) Failing to have an adequate or properly maintained brake system on the Peterbilt in violation of 49 C.F.R. §393.40; 49 C.F.R. §393.47; 49 C.F.R. §393.48, 49 C.F.R. §393.52-55; 75 Pa. C.S.A. §4502; and 75 Pa. C.S.A. §4107;

(m)  Having commercial vehicle operators who do not have the required knowledge or skill to safely operate its vehicles in violation of 49 C.F.R. §383.111-383.13;

(n) Allowing a driver to operate its vehicle who is not physically qualified to do so in violation of 49 C.F.R. §391.41 and applicable law;

(o) Failing to enforce both the written and unwritten policies of Mule Hide Products Co., Inc.;

(p) Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while possibly texting in violation of

Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation, in particular 49 CFR §392.80;

(q) Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while possibly using a hand-held mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation, in particular 49 CFR §392.82;

(r) Allowing its employee, servant, workman and/or agent to recklessly drive its vehicle;

(s) Allowing its employee, servant, workman and/or agent to operate its vehicle in careless disregard for the safety of persons and/or property in violation of 75 Pa. C.S. §3714 and applicable law;

(t) Allowing its employee, servant, workman and/or agent to operate its vehicle in a reckless, willful or wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736 and applicable law;

(u) Allowing an employee, servant, workman and/or agent to possibly text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

(v) Allowing an employee, servant, workman and/or agent to possibly operate his/her/their tractor-trailer while possibly using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and applicable law;

(w) Allowing its employee, servant, workman and/or agent to operate its vehicle while distracted;

(x) Failing to instruct its employee, servant, workman and/or agent to not operate the vehicle while distracted;

(y) Failing to ensure that its employees, servants, workmen, agents, contractors and/or apparent agents were aware of and complied with the written and unwritten policies of Mule Hide Products Co., Inc.;

(z) Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

(aa) Failing to ensure that its employees, servants, workmen, agents, contractors and/or apparent agents complied with the provisions of both the Pennsylvania Motor Vehicle Code and the Federal Motor Carrier Safety Regulations;

(bb) Failing to ensure that its employees, servants, workmen, agents, contractors and/or apparent agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

(cc) Negligently entrusting a motor vehicle to an individual who had not been properly trained in the operation of its motor vehicle;

(dd) Recklessly entrusting a motor vehicle to an individual who was unfit to operate the vehicle;

(ee) Failing to properly inspect and maintain its vehicles in violation of 49 C.F.R. §392.7, §396.3 and §396.17;

(ff) Possibly allowing its drivers to violate hours of service requirements in violation of 49 C.F.R. §395.1, et seq.;

(gg) Allowing its driver to operate an out of service vehicle;

(hh) Failing to exercise the degree of skill, reasonable care, diligence, and control in the operation, supervision, control, and/or

management of the trailer loading process that one in the position of the Plaintiff would reasonably expect and rely upon;

(ii)   Failing to load the trailer on the 2005 Peterbilt such that said trailer remained safe and/or secure with respect to its reasonably intended and foreseeable operation on the roadways;

(jj)   Negligently and carelessly loaded and/or packed the subject trailer in a vulnerable, unsecured, overloaded, unbalanced, and/or dangerous state which constituted a dangerous condition;

(kk)   Failing to select, hire, employ, instruct, contract, supervise, oversee, train, and retain competent persons as staff, workers, employees, personnel, assistants, agents and servants in the loading of trailers;

(ll)   Failing to prevent the subject trailer from being overloaded, unbalanced, improperly loaded, and/or otherwise negligently loaded;

(mm)   In allowing or permitting the subject trailer to be overloaded, unbalanced, improperly loaded, and/or otherwise negligently loaded;

(nn)   Failing to have the loading process under proper and adequate control;

(oo)   Negligently loading the subject trailer;

(pp)   In causing and/or permitting the vulnerability, overloading, improper loading, negligent loading, unbalanced, and/or the unsecured state of the loading to exist and remain uncorrected;

(qq)   In causing the roll-over of the subject trailer by failing to ensure proper loading, safeguarding, and/or supervision at the loading point;

(rr)  In permitting the vulnerability, overloading, improper loading, negligent loading, unbalanced loading, and/or the unsecured state of the loading to exist and remain when Defendant knew or should have known of the existence and the danger involved;

(ss)  Failing to exercise reasonable care over the manner in which the loading was performed and/or operated;

(tt)  Failing to develop and follow proper policies and procedures with respect to loading trailers and otherwise safeguarding trailers before, during and after the loading process;

(uu)  Failing to properly and adequately monitor and/or supervise the loading of the subject trailer;

(vv)  Failing to operate the point of loading in such a way that it would not present a danger of overloading, improper loading, unbalanced loading, and/or negligent loading;

(ww)  Failing to know and/or utilize accepted and proper principles of trailer loading in conjunction with the loading of trailers;

(xx)  Failing to observe and monitor the loading of the subject trailer with sufficient frequency or in a sufficient manner when Defendants knew or should have known of the risk of overloading, improper loading, and/or negligent loading;

(yy)  Failing to properly and adequately train and instruct staff, assistants, agents, servants, employees and other staff members to conduct, accomplish, monitor and/or supervise the loading process;

(zz)  In failing to employ, hire, train, instruct, contract, and retain only competent personnel, employees, agents, servants and workmen so as to ensure that trailers were properly loaded;

(aaa) In negligently hiring and/or training employees, agents, servants and workmen who were unable or unwilling to properly load trailers in a reasonable manner;

(bbb) In failing to supervise, coordinate, and direct the various employees, agents, servants and/or workmen conducting the loading process of the subject trailer;

(ccc) In failing to retain and schedule for each shift a proper and adequate number of employees, agents, servants and workmen to monitor and supervise the loading process of trailers;

(ddd) In failing to ensure that trailers and their operators were afforded an acceptable level of care and supervision by the staff so as to ensure the safety of their trailers before, during, and/or after the loading process;

(eee) Performing the loading process in such a careless and/or negligent manner so as to cause or allow the subject trailer to roll over when foreseeably driven/operated upon the roadway;

(fff)   Failing to exercise the high degree of care required of an entity loading a trailer for hauling upon a roadway;

(ggg) Attempting to excessively load the subject trailer when such act(s) could not be safely accomplished;

(hhh) In allowing or permitting individuals who did not possess the requisite training and/or knowledge to load the subject trailer.

34.    As a direct and proximate result of the collision and the negligent and careless conduct of Defendant, Mule Hide Products Co., Inc., either individually and/or jointly and severally, Plaintiff, Heather Hamman, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Heather Hamman, demands judgment in her favor and against the Defendant, Mule Hide Products Co., Inc., either individually and/or jointly and severally, for the aforesaid damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay against Defendant as allowed by law.

### COUNT IV
### THOMAS HAMMAN V. JOSHUA MARTIN
### LOSS OF CONSORTIUM

35.    Paragraphs 1 through 34 hereof are incorporated herein by reference as if fully set forth.

36.    During all relevant times Plaintiffs, Heather Hamman and Thomas Hamman, were husband and wife, and solely as a result of the collision, the aforesaid negligence and carelessness of Defendant, Joshua Martin, and as a result of the injuries to Plaintiff, Heather Hamman, the Plaintiff, Thomas Hamman, has been deprived of the assistance, companionship, consortium and society of his wife and has lost her services to him which may continue indefinitely.

WHEREFORE, Plaintiff, Thomas Hamman, demands judgment in his favor and against Defendant, Joshua Martin, either individually and/or jointly and severally, for the aforesaid damages which exceed Seventy-Five Thousand Dollars

($75,000.00), exclusive of interest and costs, plus damages for delay against Defendant as allowed by law.

## COUNT V
## THOMAS HAMMAN V. OAK TREE TRANSPORT, LLC
## LOSS OF CONSORTIUM

37.     Paragraphs 1 through 36 hereof are incorporated herein by reference as if fully set forth.

38.     During all relevant times Plaintiffs, Heather Hamman and Thomas Hamman, were husband and wife, and solely as a result of the collision, the aforesaid negligence and carelessness of Defendant, Oak Tree Transport, LLC, and as a result of the injuries to Plaintiff, Heather Hamman, the Plaintiff, Thomas Hamman, has been deprived of the assistance, companionship, consortium and society of his wife and has lost her services to him which may continue indefinitely.

WHEREFORE, Plaintiff, Thomas Hamman, demands judgment in his favor and against Defendant, Oak Tree Transport, LLC, either individually and/or jointly and severally, for the aforesaid damages which exceed Seventy-Five Thousand

Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay against Defendant as allowed by law.

## COUNT VI
## THOMAS HAMMAN V. MULE HIDE PRODUCTS CO., INC.
## LOSS OF CONSORTIUM

39.     Paragraphs 1 through 38 hereof are incorporated herein by reference as if fully set forth.

40.     During all relevant times Plaintiffs, Heather Hamman and Thomas Hamman, were husband and wife, and solely as a result of the collision, the aforesaid negligence and carelessness of Defendant, Mule Hide Products Co., Inc., and as a result of the injuries to Plaintiff, Heather Hamman, the Plaintiff, Thomas Hamman, has been deprived of the assistance, companionship, consortium and society of his wife and has lost her services to him which may continue indefinitely.

WHEREFORE, Plaintiff, Thomas Hamman, demands judgment in his favor and against Defendant, Mule Hide Products Co., Inc., either individually and/or jointly and severally, for the aforesaid damages which exceed Seventy-Five

Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for

delay against Defendant as allowed by law.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By   
     Zachary D. Campbell, Esquire
     Attorney I.D. No. 93177
     Edward E. Knauss, IV, Esquire
     Attorney I.D. No. 19199
     2321 Paxton Church Road
     P.O. Box 69200
     Harrisburg, PA  17106-9200
     (717) 238-8187
     Attorneys for Plaintiffs

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I, Zachary D. Campbell, Esquire, hereby declare that I am the attorney for the

Plaintiffs and that the facts in the foregoing Complaint, are true and correct to the

best of my knowledge, information, and belief.  I, Zachary D. Campbell, Esquire,

further declare under the penalty of perjury that the foregoing is true and correct.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By: _____
     Zachary D. Campbell, Esquire
     Attorney I.D. No. 93177
     2321 Paxton Church Road
     P.O. Box 69200
     Harrisburg, PA 17106-9200
     (717) 238-8187
     (717) 234-9478 (fax)
     zdc@mwke.com
     Attorneys for Plaintiffs

Dated: 9/12/17